IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v | ) Case No. 08-10207-EFM ) |
| TRAVIS RYAN KLUTTS, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Defendant Travis Klutts has filed a motion for Appointment of Counsel (Doc. 42).[1] Specifically, he seeks appointment of counsel in light of the First Step Act of 2018 relating to Sec. 403, clarification of section 924(c).

Defendant was sentenced on August 18, 2009 to 228 months on Counts 1, 4 and 5 (all Bank Robbery counts); and 120 months on Counts 3 and 7 (both Possession of a Firearm by a Prohibited Person). These five sentences all ran concurrent with each other, but consecutive to the sentence on Count 2 of 60 months (Possession of a Firearm in Furtherance of a Crime of Violence under 18 U.S.C. 924(c)); for a controlling sentence of 288 months.

Section 403 amends the law regarding sentences under 18 U.S.C. 924(c) to strike the prior provision that "stacked" 924(c) sentences[2] when a defendant was convicted of more than one 924(c) offense. This provision applied to any offense that was committed before the

---

[1] The motion was filed by the Clerk's office as "Motion to Reduce Sentence – Fist Step Act and Motion to Appoint Counsel. Although the Court also first read this motion as a motion for reduction of sentence and for appointment of counsel, the United States Attorney's Office takes the position that it is only a motion for appointment of counsel, and upon careful re-reading of the motion the Court agrees.

[2] Very briefly, and in general, 924(c) required a mandatory minimum sentence of 5, 7 or 10 years for a gun offense under that provision, consecutive to all other sentences, and in the case of a second 924(c) offense could require a mandatory minimum sentence of 25 years consecutive to the first 924(c) offense sentence.

effective date of the First Step Act (December 9, 2018), *only if* a sentence for that offense had not yet been imposed as of the effective date.

Klutts was sentenced in 2009, well before the effective date of the First Step Act, so its provisions would not apply to him. And he was only sentenced to one 924(c) offense, so its provisions are not relevant to him. Therefore, he has no avenue of relief available to him under the First Step Act.

Given that, there is no reason to appoint counsel for him to pursue the referenced relief.

IT IS THEREFORE ORDERED that Defendant's Motion for Appointment of Counsel (Doc. 42) is DENIED.

IT IS SO ORDERED.

Dated this 16th day of January, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE